IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HORATIO SUMRALL, ) | |
| TOMMY LEE WATSON, ) | |
| and JOE MOLLET, JR., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 11-CV-796-WDS |
| ) | |
| CITY OF EAST ST. LOUIS, ) | |
| *a municipal corporation*, ) | |
| TOM DANCY, ) | |
| *acting code enforcer for the City of East* ) | |
| *St. Louis*, ) | |
| and RICKY PERRY, ) | |
| *police officer for the City of East St. Louis* ) | |
| *Police Department*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**STIEHL, District Judge:**

Plaintiffs Horatio Sumrall, Tommy Lee Watson, and Joe Mollett, Jr. bring this action against defendants City of East St. Louis, Tom Dancy, and Ricky Perry alleging violations of their civil rights under 42 U.S.C. § 1983. Defendants' third motion to dismiss is pending (Doc. 30). Plaintiffs did not respond, so the Court ordered them to show cause why it should not grant defendants' motion to dismiss. *See* SDIL-LR 7.1(c). In answer to that order, plaintiffs now move to amend their complaint for a third time (Doc. 36). Defendants have not responded. They have instead filed motions asking for extensions of time to submit their dispositive motions. The Court will address those below.

Defendants' third motion to dismiss was filed on July 25, 2012, and a response was due by August 24, 2012. Yet plaintiffs did not respond, just as they did not respond to defendants' two earlier motions to dismiss. In their motion to amend, plaintiffs say that they are trying to comply with defendants' request as to the appropriate language of the pleadings, that their theo-

ries of recovery have not been challenged, and that they "are not in an adversarial position on the pleadings." They have not ignored the motions to dismiss, they claim, but rather have attempted to comply with defendants' choice of language. Plaintiffs believe what they are doing is less time-consuming and will properly get the issues before the Court. They assure the Court that they have complied with discovery thus far. They believe they are attempting to comply with defendants' wishes and therefore ask the Court's leave to file a third amended complaint.

A party may amend its pleading once as a matter of course within 21 days after serving the pleading or after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise it may amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." SDIL-LR 15.1.

Plaintiffs neither amended their complaint within 21 days of defendants' motion to dismiss nor obtained defendants' written consent. They therefore need the Court's leave. However, they did not submit a proposed amended complaint when they filed their motion to amend in accordance with Local Rule 15.1. The Court has notified plaintiffs of that requirement before (Doc. 17). Plaintiffs' motion to amend must, accordingly, be denied.

Moreover, "'district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs have acted with undue delay in this matter. After the Court granted leave to amend the complaint the first time, on December 14, 2011, defendants filed a second motion to dismiss, on January 12, 2012, but plaintiffs did not respond until the Court issued an order to show cause five months later, on June 20, 2012. Plaintiffs requested and were given leave to amend. Defendants followed up with their third motion to dismiss on July 25,

2012, which is still pending (Doc. 30). Again plaintiffs did not respond until the Court issued a show-cause order over three months later, on November 2, 2012. In all, over eight months elapsed without any explanation from plaintiffs.

Plaintiffs assert that they are trying to comply with defendants' "requests," and that their theories of recovery have not been challenged, but it is difficult to credit those assertions. Defendants are moving to dismiss the false-imprisonment claims because plaintiffs Watson and Mollett do not allege they were unlawfully detained, confined, or restrained. Defendants are also moving to dismiss the trespass claims because plaintiffs have not established possessory rights in the property. Both of those arguments were made in defendants' previous motion to dismiss, and plaintiffs have amended their complaint since then. In addition, defendants are moving to dismiss the claims against the City of East St. Louis, an argument they have made in all three motions to dismiss so far. Yet plaintiffs remain silent—and they do not dispute it. It is at least safe to say that several of plaintiffs' theories of recovery have been challenged. Moreover, the Court warned plaintiffs in its first show-cause order that their failure to respond to defendants' motions may be considered an admission of the merits. *See* SDIL-LR 7.1(c). It is difficult to understand why, after that, they did not respond to defendants' third motion to dismiss. Considering the many unexplained lapses, plaintiffs' motion must be denied for their repeated failure to cure deficiencies in their complaint.

Plaintiffs' third motion for leave to amend their complaint (Doc. 36) is **DENIED** for their failure to comply with Local Rule 15.1, undue delay, and repeated failure to cure deficiencies. Plaintiffs are **ORDERED** to respond to defendants' third motion to dismiss (Doc. 30) **within 7 days**.

As to the other pending motions, defendants ask for an additional 45 days to file dispositive motions (Doc. 39). They reason that, since plaintiffs are asking to amend their complaint, any dispositive motion may not respond to all the issues. In the alternative, defendants ask for at least 7 days' additional time so that certain deposition testimony can be included with their mo-

3

tion for summary judgment (Doc. 40). Nonetheless, they filed their motion for summary judgment anyway on November 21, the deadline the Court had set in its scheduling order for dispositive motions (Doc. 41). They do not say whether they still want the additional 45 or 7 days. In any event, because the Court has directed plaintiffs to respond to the pending motion to dismiss, and because the Court has not yet resolved that motion, defendants' request for an additional 45 days to file dispositive motions (Doc. 39) is **GRANTED**. Dispositive motions are due in **45 days**. Accordingly, defendants' alternative motion for 7 days' additional time (Doc. 40) is **DENIED** as moot and their motion for summary judgment is **DENIED**, with leave to re-file it by the new 45-day deadline.

    **IT IS SO ORDERED.**

    **DATED: November 26, 2012**

                                      /s/ WILLIAM D. STIEHL
                                           **DISTRICT JUDGE**