IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HORATIO SUMRALL, <br> TOMMY LEE WATSON, and <br> JOE MOLLET, JR., <br> <br>     Plaintiffs, <br> <br> v. <br> <br> CITY OF EAST ST. LOUIS, <br> *a municipal corporation*, <br> TOM DANCY, <br> *acting code enforcer for the City of East St. Louis*, **and** <br> RICKY PERRY, <br> *police officer for the City of East St. Louis Police Department*, <br> <br>     **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-CV-796-WDS |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendants City of East St. Louis, Tom Dancy, and Ricky Perry's motion to dismiss plaintiffs' second amended complaint (Doc. 30). Plaintiffs Horatio Sumrall, Tommy Lee Watson, and Joe Mollet, Jr. have responded (Doc. 45). Defendants have also filed a motion for summary judgment (Doc. 47), but it is not yet ripe; the Court will consider that motion after plaintiffs respond. In this action, plaintiffs are bringing state-law claims of conversion, trespass, false arrest, and false imprisonment, as well as federal claims that their constitutional rights were violated under 42 U.S.C. § 1983.

**BACKGROUND**

Plaintiff Horatio Sumrall ran a business cutting up metal scrap. He was leasing property for the business and had the property enclosed by a fence and a locked gate. He

had two employees, coplaintiffs Tommy Lee Watson and Joe Mollet, Jr. Sumrall owned various equipment at his business, including a backhoe, a service truck, cutting torches, a generator, and several trailers.

At issue here, Tom Dancy, the acting code enforcer for the City of East. St. Louis, and Ricky Perry, a City police officer, broke the lock on the gate at Sumrall's business, handcuffed and arrested Watson and Mollet, and took them to the local jail, where they were held for nearly 48 hours. Watson and Mollet were not formally charged or given any reasons for their arrest.

Dancy and Perry then directed a towing company to remove Sumrall's property, valued at approximately $75,000, and put it in storage. Plaintiffs allege defendants "converted the property and title thereof to their own use" (Doc. 18, ¶ 6). Defendants have not yet returned the property, and Sumrall has lost the income from his business.

Plaintiffs bring state-law claims of conversion, trespass, false arrest, and false imprisonment. They also allege their civil rights were violated under § 1983. Defendants, they claim, deprived plaintiffs of their right to be free from harm, excessive force, and cruel and unusual punishment under the Fourth and Eighth Amendments. Plaintiffs further claim that defendants (presumably they mean the City) had customs, policies, and practices that violated plaintiffs' rights; namely, they failed to appropriately train law-enforcement officers and code enforcers on policies and procedures, to supervise officers and code enforcers in the creation of appropriate policies and procedures to ensure that plaintiffs' rights would not be deprived, and to otherwise protect plaintiffs from the other defendants.[1]

The claims against the City of East St. Louis Police Department were previously dismissed, as was the prayer for punitive damages against the City (Doc. 31).

---

[1] Plaintiffs use boilerplate text and refer to "Defendant" generally throughout the complaint, making it unclear which defendant was intended.

## DISCUSSION

"A pleading that states a claim for relief must contain: ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim to relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And yet "'[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Courts must accept factual allegations as true, but "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks*, 578 F.3d at 581. In contrast to factual allegations, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581; *Iqbal*, 556 U.S. at 663–64 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

## ANALYSIS

**I. False Imprisonment**

Defendants argue that plaintiffs fail to state a claim for false imprisonment. They say plaintiffs only allege that Watson and Mollet were falsely arrested without probable cause, without being formally charged or given reasons. Defendants contend that plaintiffs fail to allege any unlawful detention, confinement, or restraint as required in Illinois for a claim of false imprisonment. *See Martin v. Lincoln Park West Corp.*, 219 F.2d 622, 624 (7th Cir. 1955). To establish a claim of false arrest or false imprisonment, a plaintiff must

show he "was restrained or arrested by the defendants, and that the defendants acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Ross v. Mauro Chevrolet*, 861 N.E.2d 313, 317 (Ill. App. Ct. 2006) (internal quotations omitted); *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (1990).

Plaintiffs here do claim that defendants (they do not say whether Dancy or Perry) handcuffed Watson and Mollet, took them to the local jail, and held them for nearly 48 hours. Watson and Mollet were never charged or given reasons for their arrest and imprisonment. Thus plaintiffs allege they were restrained and that defendants acted without having reasonable grounds to believe that an offense was committed. The Court **FINDS** that plaintiffs plead enough facts to state a claim of false imprisonment and false arrest that is plausible on its face.

**II. Trespass**

Plaintiffs allege that Dancy and Perry, acting as agents for the City of East St. Louis, trespassed when they broke the lock and entered the premises Sumrall was leasing. Defendants note that trespass to real property requires a wrongful interference with "actual possessory rights in the property," *Loftus v. Mingo*, 511 N.E.2d 203, 210 (Ill. App. Ct. 1987); *accord Great Atl. & Pac. Tea Co., Inc. v. LaSalle Nat. Bank*, 395 N.E.2d 1193, 1196 (Ill. App. Ct. 1979), and that the interference must subtract from the owner's use of the property, *Geller v. Brownstone Condominium Assoc.*, 402 N.E.2d 807, 809 (Ill. App. Ct. 1980). They conclude that Sumrall's trespass claim should be dismissed because Sumrall only leased the property and was not the owner.

The Court has not found any impediment to a lessee or tenant bringing an action for trespass. "The gist of the action is the injury to the *possession*. If the premises are occupied, the action must be brought by the party in possession; if unoccupied, by the party having the title and the right to the possession." *Halligan v. Chi. & Rock Island R.R. Co.*,

4

15 Ill. 558, 1854 WL 4737, at *1 (Ill. 1854) (emphasis added); *accord Jackson v. Bank of New York*, No. 11-cv-6410, 2012 WL 2503956, at *3 (N.D. Ill. June 28, 2012); *see also Libbra v. Mt. Olive & Staunton Coal Co.*, 172 N.E.2d 813, 816–18 (Ill. App. Ct. 1961) (deciding question of damage to crops brought by tenant); J.E. MACY, REMEDY OF TENANT AGAINST STRANGER WRONGFULLY INTERFERING WITH HIS POSSESSION, 12 A.L.R.2d 1192 (West 2013). The plaintiff Sumrall adequately alleges that he had possession of the premises. He was leasing the premises and running a business there when Dancy and Perry entered. Defendants' motion to dismiss Sumrall's trespass claim is therefore **DENIED**.

**III. The City of East St. Louis**

Finally, defendants argue that all claims against the City of East St. Louis should be dismissed because plaintiffs do not assert any constitutional deprivation caused by an official policy or custom of the City. They say plaintiffs do not cite any decisions by lawmakers or policymaking officials, widespread practices, or any specific policy, only a "generic list of purported failures."

In the second amended complaint, plaintiffs claim that their civil rights were violated as a "direct causal connect" between the City and plaintiffs. They allege that defendants, including the City, acted under the color of state law in depriving plaintiffs of their rights, including their right to be free from harm, from excessive force, and from cruel and unusual punishment. They further allege that the City had "customs, policies, and practices" that violated plaintiffs' rights; namely, that it "failed to appropriately train" law-enforcement officers and code enforcers on policies and procedures, "failed to supervise" officers and code enforcers in the creation of appropriate policies and procedures to ensure that plaintiffs' rights would not be deprived, and "failed to otherwise protect" plaintiffs from the other defendants.

A plaintiff can bring an action under § 1983 against a municipality for the depriva-

tion of his constitutional rights. *Teesdale v. City of Chi.*, 690 F.3d 829, 833 (7th Cir. 2012); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). *Respondeat superior* does not apply, however. *Monell*, 436 U.S. at 691. To establish liability, the plaintiff must show the existence of an "official policy" or other governmental custom that not only causes but is the "moving force" behind the deprivation of constitutional rights. *Teesdale*, 690 F.3d at 833 (quoting *Estate of Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (internal quotations omitted)); *Monell*, 436 U.S. at 694. A plaintiff can establish the official policy through "'(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.'" *Teesdale*, 690 F.3d at 834 (quoting *Estate of Sims*, 506 F.3d at 515); *accord Thomas v. Cook Cnty. Sheriff's Dep't*, 588 F.3d 445, 453 (7th Cir. 2009).

Plaintiffs' claims against the City must be dismissed because they consist only of conclusory legal statements. *See Brooks*, 578 F.3d at 581. Plaintiffs allege the existence of "customs, policies, and practices" without naming any. A failure to train employees on unspecified "policies and procedures," or to supervise the creation of policies, is not by itself an official policy. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985); *S.J. v. Perspectives Charter Sch.*, 685 F.Supp.2d 847, 857–58 (N.D. Ill. 2010). A failure to protect from the other defendants also does not plausibly allege the existence of an offical policy. Plaintiffs do not allege that police officers employed by the City frequently or even more than once made arrests without probable cause and confiscated property. *See Phelan v. Cook Cnty.*, 463 F.3d 773, 790 (7th Cir. 2006); *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (a claim about either omissions in an express policy or a widespread practice requires more than a single incident to establish liability). Accordingly, the Court **FINDS** that plaintiffs fail to state a § 1983 claim against the City.

## CONCLUSION

Defendants' motion to dismiss (Doc. 30) is **GRANTED IN PART AND DENIED IN PART**. It is **DENIED** as to plaintiffs' claims of false imprisonment and trespass. It is **GRANTED** as to plaintiffs' claims against the City of East St. Louis. The City is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: January 11, 2013**

                                                               /s/ **WILLIAM D. STIEHL**
                                                                   **DISTRICT JUDGE**